IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:11CR65-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>DENNIS WILLIAM LOCKETT, )<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss, filed April 25, 2012. (Doc. 21) While the Defendant's original motion challenged Counts One, Two, and Three in the Bill of Indictment, a Superseding Bill of Indictment was returned by the federal grand jury on July 17, 2012.[1] (Doc. 29) As a result of the Superseding Bill of Indictment, Counts One, Five, and Six, which charge violations of 18 U.S.C. §§ 1546(a) and 2, are now the subject of the Defendant's motion. The Government filed its response in opposition on July 25, 2012. (Doc. 30)

## I. Nature of Case

The particulars of the Government's case are described within the Superseding Bill of Indictment ("Indictment"). (Doc. 29) According to the Indictment, from 2001 to 2010, Lockett,

---

[1] The Superseding Bill of Indictment charges Defendant Lockett with a total of thirteen (13) offenses. Counts One, Five, and Six allege violations of 18 U.S.C. §§ 1546(a) or 2, based upon the knowing presentation of immigration documents which fail to contain any reasonable basis in law or fact, or aiding and abetting. Counts Two, Three, and Four allege violations of 18 U.S.C. §§ 1546(a) or 2 based upon the knowing presentation of false statements, or aiding and abetting. Counts Seven, Eight, and Nine allege mail fraud, or aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2. Counts Ten, Eleven, and Twelve allege violations of 18 U.S.C. § 1001(a)(3), or the willful making of a document or writing that is false, fictitious, or fraudulent as to a material fact. Count Thirteen alleges encouraging or inducing (or attempting to encourage or induce) an alien to enter, remain in, or reside in the United States, in violation of §§ 1324(a)(1)(A)(iv) and (a)(1)(A)(v)(II).

who is not a licensed attorney, held himself out as being able to provide legal services to persons in need of immigration-related advice. (Doc. 29, ¶ 1.) Lockett allegedly offered his services to undocumented aliens seeking legal status in this country as well as to businesses employing alien workers. (Doc. 29, ¶ 1.) The Indictment asserts that "Lockett knew, or should have known, that many of the aliens from whom he took money did not qualify for the immigration benefits that he promised to secure, but he nevertheless defrauded them by taking large sums of money from them and failing to provide the promised services." (Doc. 29, ¶ 1.)

## II. Standard

The sufficiency of an indictment under the Fifth and Sixth Amendments may be measured as follows:

> "[F]irst, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir.1988) (en banc) (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962) (internal citations and quotations omitted)).

In deciding whether an indictment validly states an offense of 18 U.S.C. § 1546(a), the Court is "required to accept the government's factual allegations as true." *United States v. Farmer*, 370 F.3d 435, 440 (4th Cir. 2004) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16 (1952)).

## III. Discussion

### A. Title 18, United States Code, Section 1546

Title 18, United States Code, Section 1546 governs offenses involving "[f]raud and misuse of visas, permits, and other documents." For purposes of Section 1546, "other documents" includes any documents "prescribed by statute or regulation for entry" into the United States. *United States v. Ryan-Webster*, 353 F.3d 353, 357 n. 8 (4th Cir.2003) (discussing 1986 amendment by Congress expanding reach of statute and applying in context of Labor Certifications). The fourth unnumbered paragraph within 1546(a) reads:

> Whoever knowingly ... subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, *or knowingly presents any such application, affidavit, or other document* which contains any such false statement or *which fails to contain any reasonable basis in law or fact* ... [is guilty of a felony].

*United States v. Ryan-Webster*, 353 F.3d 353, 357 n. 8 (4th Cir.2003) (quoting 18 U.S.C. §1546(a)) (emphasis provided); *United States v. Konstantakakos*, 121 Fed. Appx. 902, 904 (2nd Cir.2005) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972) (rejecting facial challenge that § 1546(a) is unconstitutionally vague)). The first part of the statute focuses on the subscribing as true a false statement of material fact. *Ryan-Webster*, 353 F.3d at 363 n. 16 (interpreting first part of statute as encompassing false statements as well as forgeries). The second part of the statute requires a knowing presentation. For purposes of the statute, presentation can then be established in one of two ways, by the knowing presentation of any such application, affidavit, or other document:

> [(i)] which contains any such false statement; *or*
> [(ii)] which fails to contain any reasonable basis in law or fact . . . ."

18 U.S.C. §1546(a) (emphasis added).

### B. Process For An Alien Seeking Permanent Legal Status Based On Employment

For an alien to obtain legal status through an employer, that person must have a prospective employer in the U.S. and that employer must petition the Department of Labor for that particular alien. As described by the Fourth Circuit:

> Pursuant to federal law, an alien seeking permanent legal status based on employment must utilize a three-step process, involving the Department of Labor ("DOL"), the Department of State [("DOS")], and the [Bureau of Citizenship and Immigration Service in the Department of Homeland Security ("CIS"), formerly the Immigration and Naturalization Service].[2]
> First, an alien must have a prospective employer in this country, and that employer must petition the DOL for a "Labor Certification" on behalf of the alien.[3] The DOL administers its Labor Certification program through one of its agencies, the Employment and Training Administration (the "ETA"). When issued, a Labor Certification evidences the DOL's acknowledgment of two predicate facts: (1) sufficient United States workers are not able, willing, qualified, and available for a particular job; and (2) employment of a particular alien will not adversely effect the wages and working conditions of United States workers similarly employed. *See* 8 U.S.C. § 1182(a)(5)(A)(i). In order to secure a Labor Certification, an alien's prospective employer, or an attorney acting on its behalf, is required to file with the DOL a Form ETA-750, Application for Alien Employment Certification ("Certification Application"). If an attorney acts for the employer, the attorney is required to file with the DOL an INS Form G-28, Notice of Entry of Appearance as Attorney or Representative ("Attorney Appearance Notice"). 20 C.F.R. § 656.20(b)(2). The Certification Application is analyzed by the DOL and, if it satisfies the essential requirements, it is then "certified" and constitutes a valid Labor Certification.

*See* Ryan-Webster, 353 F.3d at 355-56.

---

[2] On March 1, 2003, the INS, which was formerly part of the Department of Justice, became the Bureau of Citizenship and Immigration Service in the Department of Homeland Security.

[3] The INS recognizes certain exceptions to the Labor Certification requirement; *e.g.*, priority workers, professionals with advanced degrees or exceptional abilities, and certain special immigrants. Absent such an exception, a Labor Certification is required for both skilled and unskilled workers. *See* 8 U.S.C. § 1153(b).

### C. Application

Relevant to the instant motion, the defense challenge concerns the "knowing" presentation of immigration documents "which fail[] to contain any reasonable basis in law or fact." 18 U.S.C. § 1546(a). Lockett contends that because the immigration documents contained "factually correct" information (as opposed to "false statements"), there can be no criminal liability under Section 1546.[4] The Government contends, however, that because Lockett either knew, or should have known, that there were *obvious* obstacles to eligibility for relief, the knowing presentation of immigration documents under such circumstances (*i.e.*, under the auspices of fraud) falls within the scope of the statute.

The Indictment recites Lockett's involvement with Staley Insulating, Inc. ("Staley") in 2006 as a part of the factual predicate (underlying conduct) for Counts One, Five, and Six. Accepting the Government's allegations as true, during the latter part of 2006, Lockett visited Staley and introduced himself as an immigration attorney with a business called "Charlotte Immigration Services" located in Salisbury, North Carolina. (Doc. 29, ¶ 3.) Lockett informed Staley's owners that they were employing several undocumented aliens. (Doc. 29, ¶ 3.) Lockett then suggested that he could help the company obtain legal status for these workers so they could stay and work in the United States. (Doc. 29, ¶ 3.) Lockett accepted approximately ten thousand dollars from Staley in exchange for preparing and submitting the DOL and CIS documents for Staley's alien workers. (Doc. 29, ¶ 7.) In September 2006, Lockett initiated this process by filing applications for alien employment (Form ETA0-9089s) with the Foreign Labor Certification ("FLC"), a Department of Labor agency, on behalf of three Staley workers. (Doc.

---

[4] The Government does not appear to challenge Defendant's representation that the documents at issue only contained "factually correct" information.

29, ¶ 8.) In each instance, the applications were denied.[5] (Doc. 29, ¶ 8.)

The facts as alleged within the Superseding Indictment appear to fall squarely within the knowing presentation provision of § 1546(a). Accepting the allegations within the Indictment as true, at minimum, Lockett misrepresented the status of employment at the time of application. The Labor Certification process contemplates that the employer identified within the Certification Application is ***prospective***. This means that the alien seeking employment within the United States is presumed to be seeking permission to enter the country (*i.e.*, not already here) rather than asking absolution or justification for having already entered. Under these circumstances, Lockett knew or should have known that the aliens he was purportedly "representing" were already in the United States in violation of the law and that the employment sought for Staley was not in fact "prospective."[6] (Doc. 29, ¶ 6.)

Moreover, if the knowing presentation provision of § 1546(a) is construed as providing two independent avenues of proof, which the plain language appears to dictate, the second avenue of proof would not necessarily require a statement to be *literally* false. *See e.g.*, *United States v. Ashurov*, 2012 WL 1719778, *2 (E.D.Pa. May 16, 2012) (expressly recognizing that the

---

[5] Lockett pursued reconsideration of several applications, allegedly concocting "false, fraudulent and misleading information" to justify the defects in the original applications. (Doc. 29, ¶¶ 9,10.) Labor certifications were approved for the Staley workers based upon the "false, fraudulent and misleading information" with which Lockett supplemented the applications. (Doc. 29, ¶ 12.) These subsequent submissions by Lockett appear to be the underlying factual support for the § 1546(a) offenses based upon the presentation of a false statement concerning a material fact.

[6] Regarding what Lockett knew or did not know, it is significant that by 2006 Lockett had already been enjoined from engaging in the unauthorized practice of law. (Doc. 29, ¶ 2.) In March 2005, an Order of Permanent Injunction was issued by the North Carolina Superior Court that explicitly prevented Lockett from holding himself out as an attorney, soliciting business from those in need of legal services, etc. *See The North Carolina State Bar v. Dennis Lockett, d/b/a Charlotte Immigration Services, Charlotte Legal Services, and East Charlotte Legal Services*, File No. 03CVS14526 (Wake County, Superior Court Division). (Doc. 29, ¶ 2.)

knowing presentation portion of § 1546(a) is written in the disjunctive; granting judgment of acquittal and finding that the criminal presentation of a *false statement* under § 1546(a) requires that "at least one statement [be] made under oath or under penalty of perjury."); *see also United States v. Jamal*, 246 Fed. Appx. 351, 357-60 (6th Cir.2007) (rejecting "factually correct" / "fundamental ambiguity" argument of defendant with respect to a *false statement* element under § 1546(a) and sufficiency of the evidence challenge).

Even if this were not a proper statutory construction, the undersigned is not persuaded that the circumstances alleged by the Government do not constitute the presentation of a false or fraudulent statement.[7] In *United States v. Yong Ping Liu*, an immigration attorney's legal assistant was convicted of visa fraud in violation of § 1546(a) for submitting documents in connection with a request to extend a B-1 visa (required for aliens conducting business on behalf of a foreign employer). *See United States v. Yong Ping Liu*, 228 Fed. Appx. 193 (5th Cir.2008) (upholding trial court's adaptation of the Fifth Circuit pattern jury instruction for mail fraud in defining the required mental state for visa fraud) (unpublished). On appeal, the Fifth Circuit rejected an insufficient evidence challenge to the conviction based, in part, upon defendant's claimed lack of culpable mental state. *Yong Ping Liu*, 228 Fed. Appx. at 197-98, 201. The panel stated that there was "substantial evidence" that the defendant knew that the application contained false information despite the defendant's refusal to rely on other forged documents in support of the same application. *Id.*, at 197. Of particular interest, the Fifth Circuit upheld the use of a jury instruction explaining that a statement or representation may be "false" or "fraudulent" for purposes of § 1546(a) "if it is known to be untrue or is made with reckless

---

[7] The undersigned found no other case where the prosecution theory was limited to the knowing presentation of an immigration document failing to contain any reasonable basis in law or fact.

indifference to its truth or falsity." *Id.*, at 199. Similarly, the Fifth Circuit approved of an instruction that a "representation would also be "false" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud." *Id.*

In conclusion, the scope of § 1546(a) is broad enough to cover the offenses charged in Counts One, Five, and Six. Those Counts sufficiently provide the elements of the charge, inform Lockett of the charges against him, and enable Lockett to plead double jeopardy in the future. The Court is also not persuaded that § 1546(a) is unconstitutionally vague as applied to this Defendant. For these reasons, the Court concludes that the charges set forth within Counts One, Five, and Six adequately state § 1546(a) offenses.

## IV. Order

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss Counts One, Five, and Six, alleging violations of 18 U.S.C. § 1546(a), is hereby **DENIED**.

Signed: November 1, 2012

Richard L. Voorhees
United States District Judge